USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-3-12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MWH INTERNATIONAL, INC.,

                    Plaintiff,

                    -against-

INVERSORA MURTEN S.A.,
ENERGOPROJEKT HOLDING COMPANY,
AND ENERGOPROJEKT
HIDROINZENJERING CO., LTD

                    Defendants.
------------------------------------------------------------X

**OPINION & ORDER**

**11 Civ. 2444 (HB)**

**Hon. HAROLD BAER, JR., District Judge:**

      Plaintiff MWH International, Inc. ("MWH") brings this interpleader action pursuant to Federal Rule of Civil Procedure 22 against defendants Inversora Murten S.A. ("Inversora"), Energoprojekt Holding Company ("EP-Holding"), and Energoprojekt hidroinzenjering co., ltd ("Energo"). The Interpleader Complaint was filed on October 5, 2010 in the United States District Court for the District of New Jersey before it was transferred here, and Inversora filed an Answer on October 6, 2011. Before the Court is Energo's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) the Interpleader Complaint and the Answer of Inversora to the extent the Court construes the Answer as a cross-claim. For the following reasons, the motion is denied without prejudice to renew at a later date as described below.

## Background

      For the purposes of this motion, the following facts are taken from the Interpleader Complaint. In 1996, the United States District Court for the District of New Jersey entered judgment in favor of Inversora, a New Jersey corporation, and against EP-Holding, a Serbian Corporation, in the amount of $38,750,000.00, plus interest and costs (the "Judgment"), which Inversora asserts remains outstanding. Compl. ¶ 2. Subsequently, MWH, a Delaware company headquartered in Chicago, and Energo entered into a joint venture agreement, pursuant to which MWH, after receiving money from clients, would pay Energo for its participation in various

1

projects. *Id.* ¶¶ 5-11. Inversora believes that Energo and EP-Holding are the same entity.[1] *Id.* ¶ 4. On February 9, 2010, MWH received a garnishment subpoena from Inversora as garnishor, asserting that EP-Holding, as judgment debtor, has an interest in the payments that MWH owes to Energo. *Id.* ¶¶ 12, 15. MWH continues to receive money from clients, some of which it owes to Energo. *Id.* ¶¶ 17-20. Energo contests any right of Inversora to such funds. *Id.* ¶ 22.

On October 5, 2010 MWH filed this Interpleader Complaint against Energo, EP-Holding, and Inversora in the U.S. District Court for the District of New Jersey, and on April 11, 2011 the case was transferred here on motion by Inversora. On October 6, 2011, Inversora filed its Answer. On October 20, 2011, Energo filed the instant motion to dismiss the MWH Complaint and Inversora Answer. Inversora, but not MWH, opposed the motion on November 21, 2011, and the motion was fully briefed on November 28, 2011.[2] Oral argument took place on December 6, 2011, and a conference was held in my Chambers on December 20, 2011.

## Discussion

### A. Legal Standard

A motion to dismiss brought under Rule 12(b)(6) will be granted if there is a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive dismissal on this ground, a claimant must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim is one where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). The court's determination of whether a complaint states a "plausible claim for relief" is a "context-specific task" that requires application of "judicial experience and common sense." *Id.* at 1950. Unless a plaintiff's well-pleaded allegations have "nudged [its] claims across the line from conceivable to plausible, [the plaintiff's] complaint must be dismissed." *Twombly*, 550 U.S. at 570. Additionally, the court must draw all reasonable inferences in the non-movant's favor, *Roth v. Jennings*, 489 F.3d 499, 503 (2d Cir. 2007), but it

---

[1] Energo contends that MWH did not properly name Energo's parent, which is Energoprojeckt Holding, a.d., rather than EP-Holding. According to Energo, Energo is also known as Energoprojekt Hidroinzengineering p.l.c.

[2] Additionally, on December 5, 2011, Inversora moved by Order to Show Cause to strike portions of Energo's Reply Memorandum that contain "impertinent" and "immaterial" material under Rule 12(f) of the Federal Rules of Civil Procedure, or in the alternative to strike portions of the Reply that raise new arguments.

need not accord "[l]egal conclusions, deductions or opinions couched as factual allegations ... a presumption of truthfulness." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (quotation marks omitted).

### B. Requirements under Federal Rule of Civil Procedure 22

Rule 22 provides in relevant part that "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22(1). "Rooted in equity, interpleader is a handy tool to protect a stakeholder from multiple liability and the vexation of defending multiple claims to the same fund." *Washington Elec. Coop., Inc. v. Paterson, Walke & Pratt, P.C.*, 985 F.2d 677, 679 (2d Cir. 1993). This tool is triggered by a "real and reasonable fear of double liability or vexatious, conflicting claims." *Id.* (internal citation and quotation marks omitted).

Taking the facts plead in the Interpleader Complaint as true as the law requires, MWH properly filed this action under Rule 22 because having received a garnishment subpoena from Inversora for funds owed to Energo and in which the alleged judgment debtor, EP-Holding, has an interest, MWH has a reasonable fear of exposure to double liability. Energo argues that MWH has failed to satisfy the requirements of bringing an interpleader action because MWH has not paid the disputed funds into the registry of the Court. However, Rule 22 does not require that the plaintiff make such a deposit in order to properly bring its claim. *See, e.g., John v. Sotheby's, Inc.*, 141 F.R.D. 29, 33 (S.D.N.Y. 1992) ("Unlike statutory interpleader, 28 U.S.C. § 1335, which requires a stakeholder to deposit the asset with the court, deposit of the asset is not a jurisdictional prerequisite for rule interpleader.").[3]

### C. Jurisdiction and the Propriety of this Action

Energo argues that the Interpleader Complaint and Inversora's Answer fail to include the necessary jurisdictional statement. The Court has subject matter jurisdiction over this action because MWH is of diverse citizenship to all defendants and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; *see also U.S. Life Ins. Co. in City of New York v. Blum*, No. 09 Civ.

---

[3] At the oral argument, I ordered MWH to deposit the funds with the Court so that I may properly dismiss it from the action. *See U.S. Life Ins. Co. in City of New York v. Blum*, No. 09 Civ. 9416, 2011 WL 70385, at *3 (S.D.N.Y. 2011) ("In an interpleader action, once the plaintiff has deposited the stake, the court 'may discharge the plaintiff from further liability.'") (quoting 28 U.S.C.A. § 2361 (West 2006)). Counsel for MWH subsequently informed the Court that it had trouble reaching the individuals permitted to authorize such a transfer. As soon as reasonably practicable and in any event on or before February 1, 2012, MWH shall deposit such funds with the Court so that I may dismiss it from this action.

3

9416, 2011 WL 70385, at *2 (S.D.N.Y. 2011) (citing *Correspondent Servs. Corp. v. First Equities Corp. of Florida*, 338 F.3d 119, 124 (2d Cir. 2003)) (applying 28 U.S.C. § 1332 as the appropriate basis for jurisdiction in a Rule 22 interpleader action).

Energo also argues that this Court lacks subject matter jurisdiction because Inversora relies on theories of alter-ego liability and veil piercing to collect from Energo, which is not the judgment debtor, and that courts do not apply ancillary jurisdiction to enforce judgments against parties that are not the judgment debtor. "In general, judgments cannot be satisfied with assets of third parties against whom the judgment does not run." *AG Worldwide v. Red Cube Management AG*, No. 01 Civ. 1228, 2002 WL 417251, at *2 (S.D.N.Y. 2002) (citing *Grupo Mexicano v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 321 (1999)). In a proceeding under CPLR § 5225, a judgment creditor may seek property in which the judgment debtor has an interest. *Id.* In such a proceeding, the Court performs a two-step analysis to determine the ownership of the property in question. *Id.* First, it must be shown that the judgment debtor has an interest in the property the creditor seeks to reach. Second, the Court must find that either "the judgment debtor is entitled to the possession of such property," or "that the judgment creditor's rights to the property are superior." *Id.* (quoting *Beauvais v. Allegiance Securities, Inc.*, 942 F.2d 838, 840 (2d Cir. 1991) (internal quotation marks omitted).

Energo argues that EP-Holding has no interest in the funds owed to Energo because EP-Holding is either a defunct company or one that has no relationship with Energo and that Energoprojeckt Holding, a.d is Energo's true parent. Inversora alleges that these entities are in fact one and the same. In order to determine whether EP-Holding has an interest in the funds at issue, the Court must determine the relationship between Energo, EP-Holding, Energoprojekt Holding a.d. and Energoprojekt Hidroinzengineering p.l.c. ("the Energo Entities").

In support of its allegation, Inversora argues that Energoprojekt Holding a.d. admitted before this Court in 2003 that it is the entity named as Judgment Debtor in the Judgment. 11/21/11 Inversora Mem. in Opp. to Mot. to Dismiss ("Inversora Mem."), at p.12, n.9 (citing *Energoprojekt Holding a.d. v. Invsersora Murten, S.A.*, No. 03 Civ. 1958, Complaint (Docket No. 1) ¶ 14 ("the [District] Court [in and for the District of New Jersey] entered [the] [J]udgment *against plaintiff* in the sum of $38,750,000.00") (emphasis added)).[4] Inversora also argues that

---

[4] Inversora also argues that Energoprojekt Holding a.d. admits elsewhere that it is the successor-in-interest to the Yugoslav state enterprise known as Energoprojekt Holding Company. Inversora Mem. at p.12, n.9 (citing 2010

"Energoprojekt Holding a.d." translates to "Energoprojekt Holding joint stock company" and has commenced an action challenging the Judgment. Although these contentions raise question as to the relationship among the Energo Entities, I do not have sufficient information to make a decision as to that relationship.

Accordingly, Inversora seeks limited discovery to determine whether EP-Holding is the same entity as—or at least the predecessor in interest to—Energoprojekt Holding a.d. Energo argues that this Court lacks the authority to order discovery of Energoprojekt Holding a.d., which, notwithstanding the possibility that it is in fact the same entity as EP-Holding, is not a party to this case. Inversora relies on *Bank of New York v. Yugoimport*, where the court ordered limited discovery to identify the relationship among various parties to determine whether the court was the proper forum to adjudicate the dispute. No. 03 Civ. 9055, 2005 WL 2429424, at *2 (S.D.N.Y. 2005). However, unlike in *Yugoimport*, Inversora seeks discovery of an entity that has not been named as a party in the case. Therefore, Inversora may commence discovery against EP-Holding and Energo but must submit an amended Answer and Cross Claim naming Energoprojekt Holding a.d. as a party, for which permission is granted herewith, in order to take discovery of its executives.

Energo's remaining arguments regarding choice of law, the interests of Energo's parent in the funds at issue, and alter-ego are deemed premature given my Order for Inversora to conduct discovery and file an Amended Answer and Cross Claim if it chooses.

THEREFORE, it is hereby:

ORDERED that as soon as reasonably practicable but on or before February 1, 2012, MWH shall deposit the contested funds with the Court so that I may dismiss it from this action; and it is further

ORDERED that the remaining parties shall have until February 3, 2012 to complete limited discovery <u>of the parties to this action</u> for the sole purpose of identifying the relationship among the Energo Entities; and it is further

---

Financial Statement & Independent Auditor's Report of Energoprojekt Holding a.d. Belgrade, at p.8, available at http://www.energoprojekt.com/eng_ep_cms/upload/docs/8a%20-%20Izvestaj%20revizora%20za%20Finansijske%20izvestaje%20za%202010%20godinu%20na%20engleskom.pdf).

5

ORDERED that discovery shall take the following form: Inversora is authorized to serve document requests and interrogatories on its adversaries and to take two depositions of senior executives; and it is further

ORDERED that if Inversora wishes to file an Amended Answer and Cross Claim, it must do so by March 3, 2012; and it is further

ORDERED that a pretrial conference will be held on March 8, 2012 at 3:00 P.M; and it is further

ORDERED that Energo's motion to dismiss is denied without prejudice to re-file; and it is further

ORDERED that Inversora's Motion to Strike is denied as moot; and it is further

ORDERED that the Clerk of Court is instructed to close these motions.

SO ORDERED.

New York, New York
January 3, 2012

HAROLD BAER, JR.
**United States District Judge**

6