UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

MWH INTERNATIONAL, INC.,                      :

                      Plaintiff,           :

      - against -                    :

INVERSORA MURTEN, S.A.,                       :
ENERGOPROJEKT HOLDING COMPANY,
and ENERGOPROJEKT                             :
HIDROINZENJERING CO., LTD.,
                                     :
                      Defendants.
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  **7/16/2013**

**REPORT AND
RECOMMENDATION
TO THE HONORABLE
HAROLD BAER, JR.**

11 Civ. 2444 (HB) (FM)

**FRANK MAAS**, United States Magistrate Judge.

        Plaintiff MWH International, Inc. ("MWH") filed this interpleader action in an effort to resolve a dispute over certain funds MWH allegedly owes one of the defendants, Energoprojekt hidroinzenjering co., ltd. ("Energo"), pursuant to a joint venture agreement. After having deposited the contested funds with the Court and been dismissed from the case, MWH now seeks reimbursement for $26,497.48 in attorney's fees and costs that it incurred in bringing this action. For reasons that are set forth below, MWH's fee application (ECF No. 64) should be granted, but the amount of the award reduced to $26,338.98.

I.    Background

        On September 6, 1996, Inversora Murten S.A. ("Inversora") obtained a default judgment against Energoprojekt Holding Company ("EP-Holding") in the amount

of $38,750,000.  (ECF No. 1 ("Compl.") ¶ 2).  Since then, Inversora has been pursuing the collection of that judgment – apparently without much success.

In February 2010, Inversora served MWH with a garnishment subpoena seeking certain funds MWH owed Energo in an attempt to obtain partial satisfaction of its judgment against EP-Holding.  (Id. ¶ 12).  EP-Holding is alleged to be Energo's parent company, although the precise legal relationship between the two entities is unclear.  (Id. ¶ 3).  After learning of the garnishment subpoena, Energo informed MWH that it disputed Inversora's claim to the funds.  (Id. ¶¶ 14, 22).  Accordingly, on October 5, 2010, MWH filed this interpleader action in the District of New Jersey.  (ECF No. 1).

On April 11, 2011, the New Jersey court transferred the case to this Court at Inversora's request.  (ECF Nos. 6-9).  Subsequently, MWH was directed to deposit the contested funds with the Court so that it could be dismissed from the case.  (ECF No. 31).  On January 3, 2012, MWH deposited $178,283.39 with the Cashier's Office of this Court and, later, it was dismissed.  (See Unnumbered ECF Entry labeled "Cashier's Office Registry Deposit;" ECF No. 44).

On March 4, 2013, MWH filed a motion for attorney's fees and costs, (ECF No. 64), together with the affidavit of its attorney, Edwin R. Matthews, Esq., and a memorandum of law in support of its fee application.  (Aff. of Edwin R. Matthews, Esq., sworn to on Feb. 28, 2013 ("Matthews Aff.") (ECF No. 65); Br. in Supp. of Pl.'s App. for Fees ("Pl.'s Mem.") (ECF No. 66)).  On April 18, Inversora filed opposition papers.

(Mem. of Inversora in Opp. to MWH's Mot. for Fees ("Inversora Opp. Mem.") (ECF No. 70)). The Energo Defendants did not oppose the motion. On April 24, Mr. Matthews filed a reply affidavit to which he annexed his firm's time records. (Reply Aff. of Mr. Matthews, sworn to on Apr. 24, 2013 ("Matthews Reply Aff.") (ECF No. 71)). Mr. Matthews supplemented those records by filing a further affidavit on May 31, which included additional billings accrued in connection with the filing of MWH's fee application. (Suppl. Aff. of Mr. Matthews, sworn to on May 31, 2013 ("Matthews Suppl. Aff.") (ECF No. 77)). On June 6, Inversora filed a supplemental memorandum of law in opposition to MWH's motion for fees. (Suppl. Mem. of Law of Inversora in Opp. to MWH's Mot. for Fees and Costs ("Inversora Suppl. Opp. Mem.") (ECF No. 79)). MWH seeks $25,649 in attorney's fees and $848.48 in costs, totaling $26,497.48. (Matthews Suppl. Aff ¶ 4).

II.  Analysis

    A.  Attorney's Fees in Interpleader Actions

Pursuant to Rule 22 of the Federal Rules of Civil Procedure, attorney's fees are "commonly awarded to an innocent stakeholder who successfully initiates a suit as an interpleader." Landmark Chemicals, SA v. Merrill Lynch & Co., 234 F.R.D. 62, 63 (S.D.N.Y. 2005) (citing Algemene Bank Nederland, N.V. v. Soysen Tarim Urunleri Dis Ticaret Ve Sanayi, A.S., 748 F. Supp. 177, 183-84 (S.D.N.Y. 1990)). Such fees typically are awarded out of the interpleader fund, but "may be taxed against one of the parties

when their conduct justifies it." Septembertide Pub. B.V. v. Stein & Day, Inc., 884 F.2d 675, 683 (2d Cir. 1989) (citing Prudential Ins. Co. of Am. v. Boyd, 781 F.2d 1494, 1497-98 (11th Cir. 1986)).

The Court has substantial discretion in determining whether to award a stakeholder its fees and costs. Landmark, 234 F.R.D. at 63 (citing Pressman v. Estate of Steinvorth, 886 F. Supp. 365, 366-67 (S.D.N.Y. 1995)). An award of fees is proper when the party seeking reimbursement is "(1) a disinterested stakeholder, (2) who has conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability." Estate of Ellington v. EMI Music Publishing, 282 F. Supp. 2d 192, 193 (citing Septembertide, 884 F.2d at 683). Here, there is no question that MWH is entitled to its reasonable fees: MWH has no interest in the funds at issue, has conceded liability, and, since filing the action, has deposited the contested amount with the registry of this Court and sought a discharge of liability.

Inversora contends that MWH should be disallowed any fees because it "undermined the [garnishment] process in place" in favor of initiating this "separate, more costly" interpleader action. (Inversora Opp. Mem. at 3). When MWH filed the interpleader complaint, however, it was on notice that at least two parties were asserting a claim as to the disputed funds. "The very purpose of interpleader is to resolve such competing claims of entitlement." United States v. Barry Fischer Law Firm, LLC, No. 10 Civ. 7997 (TPG), 2012 WL 591396, at *6 (S.D.N.Y. Feb. 23, 2012). Furthermore, there

was legitimate uncertainty over the legal relationship between Energo and EP-Holding. An interpleader action is appropriate when the stakeholder "legitimately fears multiple liability directed against a single fund, regardless of the merits of the competing claims." Fidelity Brokerage Servs., LLC v. Bank of China, 192 F. Supp. 2d 173, 178 (S.D.N.Y. 2002) (Chin, D.J.) (brackets, quotation marks, and citation omitted).  Had MWH simply complied with Inversora's garnishment subpoena, it is obvious that it would have been placing itself at a substantial risk of incurring double liability.  Thus, MWH's decision to file an interpleader was not improper.

Although attorney's fees may be denied to a stakeholder who is partially responsible for the dispute, unduly delays filing the interpleader, or otherwise acts in bad faith, Indemnity Ins. Co. of N.A. v. Robinson, No. 90 Civ. 3765 (KC), 1991 WL 173115, at *8 (S.D.N.Y. Aug. 28, 1991) (collecting cases), none of those circumstances exists here. Indeed, MWH bears no responsibility for the dispute between Inversora and the Energo Defendants, and it filed this action within a reasonable time after learning that there was such a dispute.  Moreover, there is no evidence that MWH contributed to the need for interpleader or otherwise acted inappropriately.

Inversora suggests that MWH "waived" its entitlement to fees by omitting a demand for them in the complaint and by failing to request fees contemporaneously with its dismissal. (Inversora Opp. Mem. at 3).  However, MWH did request fees in the prayer for relief portion of its complaint, and Inversora's suggestion, that a plaintiff must set forth

5

in detail the components of its claim for fees within a separate claim in the body of the complaint plainly is frivolous.¹ Indeed, how would the plaintiff be expected to know in advance the extent and nature of the work the case might require? Inversora's argument that an interpleader plaintiff is required to move for fees at the time it seeks dismissal similarly finds no support in law.² Tellingly, Inversora has cited no authority to that effect, and at least one case cited in this opinion awarded fees to an interpleader party after it had been dismissed. See Estate of Ellington, 282 F. Supp. 2d at 193-94 (awarding fees to an interpleader party after it had "sought, and obtained, a discharge from [the] dispute") (emphasis added). In any event, Inversora does not allege that MWH's failure to bring its fee application at the same time it sought dismissal has resulted in any prejudice. In these circumstances, MWH clearly has not waived its claim for attorney's fees. The only remaining issue is the amount of fees to which MWH is entitled.

B. Fee Determination

The total amount of fees to be awarded typically is calculated by "multiplying a reasonable number of hours by a reasonably hourly rate." Landmark, 234 F.R.D. at 64 (citing DiFilippo v. Morizio, 759 F.2d 231, 234 (2d Cir. 1985)). The expenses must be reasonable and, since a "typical interpleader claim does not involve

---

¹ Inversora belatedly raised this argument in an unsolicited follow-up letter to the Court dated June 10, 2013. (See ECF No. 84).

² The one case cited by Inversora on this point – Advantage Title Agency, Inc. v. Rosen, 297 F. Supp. 2d 536 (E.D.N.Y. 2003) – does not even remotely stand for that proposition.

extensive or complicated litigation, . . . fees should be relatively modest." Estate of Ellington, 282 F. Supp. 2d at 194 (citations and quotation marks omitted). "In determining the amount of attorneys' fees awarded, courts typically weigh several factors[, including] . . . the complexity of the case, whether the stakeholders performed any unique services to the court or claimant, good faith and diligence on the part of the stakeholder, whether the services rendered benefitted the stakeholder, and to what extent the stakeholder protracted the proceedings." Landmark, 234 F.R.D. at 63 (citing Smith Barney, Harris Upham & Co., Inc. v. Connolly, 887 F. Supp. 337, 346 (D. Mass. 1994)).

1.  Reasonable Hourly Rate

In assessing the reasonableness of an attorney's hourly rate, consideration is given to whether "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." I.B. v. N.Y.C. Dep't of Educ., 336 F.3d 79, 80 (2d Cir. 2003) (quoting Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)). The Court may rely on its own knowledge of private firm hourly rates, Miele v. N.Y. State Teamsters Conference Pension & Ret. Fund, 831 F.2d 407, 409 (2d Cir. 1987), and "may adjust the base hourly rate to account for other case-specific variables." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany and Albany Cnty. Bd. of Elections, 522 F.3d 182, 184 (2d Cir. 2008). These variables include twelve factors set forth in Johnson v. Georgia Highway Express, Inc.,

7

488 F.2d 714 (5th Cir. 1974), abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87, 92-93 (1989):

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved or the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability of the case;' (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Hensley v. Eckerhart, 461 U.S. 424, 430 n.3 (1983) (citing Johnson, 488 F.2d at 717-19); see also Arbor Hill, 522 F.3d at 186 n.3 (citing the Johnson factors). The Court need not "recite and make separate findings as to all twelve Johnson factors." Lochren v. Cnty. of Suffolk, 344 F. App'x 706, 709 (2d Cir. 2009).

In order to evaluate the reasonableness of an attorney's hourly rate, the Court ordinarily makes reference to "the hourly rates employed in the district in which the . . . [C]ourt sits." Simmons v. New York City Transit Authority, 575 F.3d 170, 174 (2d Cir. 2009) (citation and quotation marks omitted). However, "[t]o the extent the reasonable hourly rate for an out-of-district lawyer is less than the billing rate in the district where the court sits, the lower rate should apply." Ryan v. Allied Interstate, Inc., 882 F. Supp. 2d 628, 633 (S.D.N.Y. 2012) (citing Arbor Hill, 522 F.3d at 191 n.8). MWH's attorneys are based in Summit, New Jersey. Thus, the applicable reasonable rate

8

in this case must be determined by reference to the rates typically employed by lawyers in the District of New Jersey.

According to MWH's time records, two attorneys and one paralegal worked on the case. Mr. Matthews billed at a rate of $350 per hour. (See Matthews Suppl. Aff. Ex. A). Brian T. Flanagan, Esq. billed at a rate of $315 per hour.[3] (Id.). Finally, Colleen Adamson, a paralegal, billed at a rate of $110 per hour. (Id.). Inversora is wise not to object to these rates, which clearly are in line with prevailing market rates in the District of New Jersey. See F.T.C. v. Circa Direct LLC, 912 F. Supp. 2d 165, 174 (D.N.J. 2012) (approving $350 per hour for attorney with over 12 years of experience); N.V.E., Inc. v. Palmeroni, No. 06-5455 (ES), 2012 WL 3961342, at *3 (D.N.J. Sept. 10, 2012) (approving hourly rates of $350 per hour and $325 per hour); Howley v. Mellon Fin. Corp., No. 06-5992 (FSH), 2011 WL 2600664, at *5 (D.N.J. June 27, 2011) (awarding $400 per hour for an "of counsel" attorney and $350 per hour for an associate); Weed-Schertzer v. Nudelman, Klemm & Golub, No. 10-6402 (WJM), 2011 WL 4436553, at *5 (D.N.J. Sept. 23, 2011) (approving $125 hourly rate for paralegals); Levy v. Global Credit and Collection Corp., No. 10-4229 (RBK/KMW), 2011 WL 5117855, at *8 (D.N.J. Oct. 27, 2011) (approving $110 hourly rate for paralegals).

---

[3] Although MWH did not provide any background information about its attorneys, the New York State Unified Court System website indicates that Mr. Matthews was admitted to the New York bar in 1985. Mr. Flanagan has been a member of the New York bar since 1997.

2. Hours Reasonably Expended

To enable a court to determine whether counsel's time charges are reasonable, a party must submit contemporaneous time records indicating the number of hours expended and the nature of the work done. See Lewis v. Coughlin, 801 F.2d 570, 577 (2d Cir. 1986); N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983); Puglisi v. Underhill Park Taxpayer Ass'n, 964 F. Supp. 811, 817 (S.D.N.Y. 1997). Mr. Matthews annexed complete time records to his supplemental affidavit. (See Matthews Suppl. Aff.). Those records show that MWH's timekeepers worked on the matter for a total of 73.9 hours, of which Mr. Matthews billed 71.4 hours, Mr. Flanagan billed 1.1 hours, and Ms. Adamson billed 1.4 hours. (Id.). Multiplying those hours by each timekeeper's applicable hourly rate produces a total bill for attorney's fees in the amount of $25,490.50. Adding the $848.48 in costs that also were accrued brings the total requested award to $26,338.98.[4] These hours and fees are reasonable considering the nature of the work involved and the fee awards in other interpleader cases. See, e.g., Chem. Bank v. Richmul Assocs., 666 F. Supp. 616, 620 (S.D.N.Y. 1987) (awarding fees and costs for 65 hours of work in an interpleader case); Landmark, 234 F.R.D. at 64 (awarding $52,389.01 in fees and costs in an interpleader case); Fidelity Brokerage Servs. LLC v. Caro, No. 10 Civ. 5893 (BSJ) (RLE), 2011 WL 4801523, at *3 (awarding $41,831.49 in fees and costs in an interpleader case); BNP Paribas v. Wayzata

---

[4] This amount differs slightly from the $26,497.48 that is sought in Mr. Matthews' supplemental affidavit. The reason for the discrepancy is unclear.

Opportunities Fund II, L.P., No. 09 Civ. 5351 (DLC), 2010 WL 1875716, at *4 (S.D.N.Y. May 11, 2010) (awarding $29,580.82 in fees and costs in an interpleader action).

In its papers, Inversora contends that MWH "failed to act in an efficient and effective manner [in] implement[ing] the interpleader action," (Inversora Opp. Mem. at 2), and incurred unnecessary fees due to its "failure to prosecute [the case] diligently." (Inversora Suppl. Opp. Mem. at 2). Those contentions, however, are not borne out by the record. As Mr. Matthews' affidavits establish, MWH's attorneys worked efficiently and assiduously to effectuate service on the defendants, ascertain the exact amount of money that would need to be deposited with the Court, and resolve all other issues. Even if Inversora had identified specific charges that it believed constituted unreasonable billing, a reduction would not be warranted.

III.    Conclusion

For the foregoing reasons, MWH's motion, (ECF No. 64), should be granted and MWH awarded fees and costs in the amount of $26,338.98. Additionally, because there has been no showing that any party engaged in conduct that justifies taxing the fee award against it, this amount should be awarded against the interpleader fund. Wells Fargo Bank, N.A. v. ESM Fund I, LP, 785 F. Supp. 2d 188, 198 (S.D.N.Y. 2011).

IV.     Notice of Procedure for Filing of Objections to this Report and Recommendation

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a) and (d). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Harold Baer, Jr., United States District Judge, and to the chambers of the undersigned at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be directed to Judge Baer. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b).

Dated:     New York, New York
           July 16, 2013

                                                    /s/ Frank Maas
                                            _____
                                                    FRANK MAAS
                                            United States Magistrate Judge

Copies to:

Hon. Harold Baer, Jr.
United States District Judge

All Counsel (via ECF)